**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JERSON ULISES SANCHEZ-VASQUEZ,**
**A# 209987864,**

       **Petitioner,**

**v.**                                            **Case No. 2:26cv84**

**US IMMIGRATION AND CUSTOMS**
**ENFORCEMENT,**

       **Respondent.**

## <u>REPORT AND RECOMMENDATION</u>

Before the Court is a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the foregoing reasons, the undersigned **RECOMMENDS** that that the Petition, ECF No. 1, be **DENIED** and **DISMISSED** as **MOOT**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Jerson Ulises Sanchez Vasquez filed the Petition on January 26, 2026. ECF No. 1. Therein, he challenged his immigration detention at Caroline Detention Facility. *Id.* at 1, 6–8. On February 12, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. ECF No. 4. Specifically, the Court ordered that Respondents must file either: (1) a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Ceba Cinta v. Noem, et al.*, Case No. 1:25cv1818 (E.D. Va.); or (2) an Opposition to the Petition discussing any material differences between *Ceba Cinta* and this Petition. *Id.* at 1–2. Respondents filed their opposition to the Petition on February 18,

2026.  ECF No. 6.  Therein, Respondents state that one week before the Court's show cause order, on February 3, 2026, Petitioner left the United States via voluntary departure.  *Id.* at 1–2.  Because Petitioner left the United States, Respondents argue the Petition is moot and should be dismissed.  *Id.* at 2.  Petitioner did not file a reply to Respondents' opposition, and Petitioner's mail has been returned to the Court with a note that he was released from custody on January 31, 2026.  *See* ECF Nos. 7, 8.[1]

## II.  DISCUSSION

The issues in the instant Petition are moot as there remains no case or controversy due to Petitioner's release and voluntary departure.  Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies.  U.S. Const. art. III, § 2, cl. 1.  The requirement of ongoing controversy extends throughout the pendency of the action.  *J.W. v. Knight*, 452 F. App'x 411, 414 (4th Cir. 2011) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).  "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"  *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  A case can also become moot due to a change in the facts or in the law.  *See id.* (citing *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983)).

Here, the Petition is moot due to a change in the facts.  Petitioner sought release from ICE custody, and he was released from ICE custody and voluntarily departed the United States on February 3, 2026.  Because Petitioner's voluntary departure extinguishes any live controversy regarding the legality of his detention, the claim in the Petition is now moot.  *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (explaining a claim may be mooted "when the

---

[1] Petitioner has not provided the Court with an updated address.

claimant receives the relief he or she sought to obtain through the claim" because there is "no [longer] effective relief available in federal court").

Nor does any exception to the mootness doctrine apply. There are two possible exceptions to the mootness doctrine: (1) "'collateral consequences; and (2) matters 'capable of repetition, yet evading review.'" *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237). Neither of these exceptions apply to Petitioner's claim. First, there are no collateral consequences because Petitioner only challenged his ongoing detention without a bond hearing. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that because the movant only challenged the length of his sentence, his release also rendered the motion moot, as no "collateral consequences" of his conviction existed). Second, the issue in the Petition is not capable of repetition yet evading review. That exception requires a reasonable expectation that the same complaining party will be subjected to the same action again. *See Leonard*, 804 F.2d at 842 (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Because Petitioner voluntarily departed the United States, there is no reasonable basis to conclude that he will again be detained by immigration authorities under the same circumstances.

## III. RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED** and **DISMISSED** as **MOOT**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. §

3

636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner at his last known address on record and to counsel of record for Respondents.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 14, 2026